IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kenneth Matthew Durrah, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 8:11-cv-00589-JFA-JDA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Wayne McCabe, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | __ |

This matter is before the Court on Respondent's motion for summary judgment [Doc. 13] and Petitioner's motion to stay proceedings [Doc. 25]. Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 9, 2011.[1] [Doc. 2.] On June 3, 2011, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 13, 14.] On June 6, 2011, in accordance with an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to respond to the motion for summary judgment and of the possible consequences if he failed to adequately respond to Respondent's motion. [Doc. 17.] Subsequently, Petitioner was granted an extension until August 15, 2011 to file a response. [Doc. 23.] On July 28,

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on March 9, 2011. [Doc. 2-1 at 16 (Certificate of Service dated March 9, 2011); Doc. 2-1 at 18 (Petition dated March 9, 2011); Doc. 2-2 (envelope marked "received" by mail room March 9, 2011).]

2011, Petitioner filed a motion to stay the proceedings, seeking to "return to state court to exhaust his state court remedy for habeas corpus review" [Doc. 25 at 1], which the Court also construes as Petitioner's response to the motion for summary judgment. Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted, Petitioner's motion to stay be denied, and the Petition be denied.

## **BACKGROUND**

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County. Petitioner was indicted by the Spartanburg County Grand Jury during the June 2006 Term of the Court of General Sessions for trafficking in cocaine and possession of a firearm or knife during commission of/or attempt to commit a violent crime. [Doc. 14-2.] On October 31, 2006, Petitioner entered a guilty plea before the Honorable Roger L. Couch. [App. 1–14.[2]] Petitioner was represented by Chip Price. [*Id.* at 1.] Specifically, Petitioner pled guilty to charges of trafficking in powder cocaine between 28 and 100 grams and possession of a firearm during the commission of a violent crime. [*Id.*] Petitioner was sentenced to eighteen years confinement on the charge of trafficking in powder cocaine between 28 to 100 grams and to five years confinement on the charge of possession of a weapon during a violent crime. [Doc. 14-3.] The sentences were to run concurrently. [*Id.*] Petitioner did not file a direct appeal. [Doc. 2 at 2.]

---

[2]The Appendix can be found at Docket Entry # 14-1.

2

**PCR Proceedings**

Petitioner filed an application for post-conviction relief ("PCR") on March 23, 2007.

[App. 26–32.]  In his application, Petitioner alleged the following grounds for relief:

> (a) My guilty plea was not voluntary and intelligently made.  I did not understand that the Judge could not give me a lesser sentence, because my plea was "negotiated".

> (b) My attorney did not effectively represent my interests prior to, and during the guilty plea on 10/31/06. He failed to investigate my claims that I was entrapped, and was not properly prepared for trial when it was called, telling me for the first time on the day of the plea that he could not win the trial. During the plea, my attorney failed to object when my prior record was discussed by the solicitor, despite the fact that those charges had previously been pardoned.

> (c) There was no factual basis for my guilty plea to count 2 of the indictment.  I was never in possession of a firearm on the day of my arrest.  My attorney was ineffective by allowing me to plead guilty to a charge that was not supported by the facts.

[App. 28.] The State made a return to Petitioner's PCR application on June 6, 2007.  [App. 40–44.]

On October 22, 2007, Petitioner, through counsel, filed a second PCR application [App. 33–39], raising the following grounds for relief:

> (a)    The Applicant received ineffective assistance of counsel prior to and during his guilty plea proceeding in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 14 of the South Carolina Constitution.

> (b)    The Applicant's Plea of Guilty was not Voluntarily and Intelligently entered.  The judgment and sentence against the Applicant were entered in violation of his rights pursuant to due process of law.

[App. 35].  This second PCR application included the following supporting facts:

3

(a)     Trial Counsel failed to adequately investigate the Applicant's charges, failed to investigate and interview potential witnesses and failed to give his client adequate legal advise prior to the Applicant's guilty plea proceeding. Trial counsel failed to fully advise the Applicant of all the consequences of this plea and further failed to investigate potential defenses against the charges against the Applicant. Counsel failed to provide the Applicant effective assistance of counsel in the plea bargaining process.

(b)     Counsel failed to provide client effective assistance of counsel prior to and during his guilty plea proceeding. The Applicant's plea of guilty was coerced by counsel's failure to provide adequate representation.

[*Id.*] On December 20, 2007, the State moved to merge the two PCR applications. [Doc. 14-4.] On January 4, 2008, the two PCR applications were merged into one. [Doc. 14-5.]

On May 29, 2008, the PCR court held an evidentiary hearing into the matter. [App. 46–124.] Petitioner was present at the hearing and was represented by Tara D. Shurling ("PCR Counsel"). [*Id.*] On November 6, 2008, the PCR court denied and dismissed Petitioner's PCR application. [App. 125–32.] Petitioner subsequently filed a Rule 59(e) motion to alter or amend, asking the PCR court to reconsider its decision because PCR counsel received the dismissal order before having an opportunity to provide a proposed order. [App. 133–34.] Petitioner specifically asked the PCR court to reconsider whether trial counsel was ineffective for failing to properly investigate the case for a potential entrapment defense as well as for advising Petitioner that the trial court would be free to give Petitioner a lesser sentence than that negotiated by the parties. [*Id.*] By order dated January 30, 2008, the PCR court denied the motion to alter or amend. [App. 153.]

On March 23, 2009, Petitioner noticed his appeal. [Doc. 14-6.] Petitioner was represented on appeal by Elizabeth Franklin-Best of the South Carolina Commission on

4

Indigent Defense, Division of Appellate Defense.  [Doc. 14-7 at 1.]  Petitioner raised only

one issue in the petition for writ of certiorari:

> Did defense counsel render ineffective assistance of counsel
> by not reviewing the videotapes that were contained in the
> discovery provided to him, nor were ever provided to Durrah?

[*Id.* at 3.]  Specifically, Petitioner argued the

> failure to review all relevant discovery in a case of this
> significance was ineffective assistance of counsel, and
> [Petitioner] should have his convictions reversed. Counsel
> failed to conduct an independent investigation of his client's
> charges, and his performance fell below the standard of
> reasonable representation. *Ard v. Catoe*, 372 S.C. 318, 642
> S.E.2d 590 (2007); *Lounds v. State*, 380 S.C. 454, 670 S.E.2d
> 646 (2008). *See also Strickland v. Washington*, 466 U.S. 668
> (1984).

[*Id.* at 5.]  The State filed a return to the petition [Doc. 14-8], and on October 20, 2010, the

South Carolina Supreme Count denied the petition for writ of certiorari [Doc. 14-9].

Remittitur was issued on November 5, 2010.  [Doc. 14-10.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this petition for writ of habeas corpus on March 9, 2011 pursuant to

28 U.S.C. § 2254.  [Doc. 2.]  Petitioner raises the following grounds for relief, quoted

substantially verbatim:

**Ground One:**

> Did the State Court err in failing to find Petitioner was denied
> his Sixth Amendment right to the effective Assistance of
> Counsel, when counsel advised Petitioner to enter a plea of
> guilty without performing investigation both factual and legal?

5

**Ground Two**:

> Did the State Court err in failing to find Petitioner's plea
> involuntary based on ineffective assistance of counsel when
> the State court failed to extend or overextended the principles
> of *Hill v. Lockhart*?

[Doc. 2-1 at 6.]  The grounds raised in this Petition are based on trial counsel's alleged

failure to investigate and/or advise Petitioner about an entrapment defense.  [Doc. 2-1.]

As previously stated, Respondent filed a motion for summary judgment on June 3, 2011

[Doc. 13], which is now ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe

his pleadings.  *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519,

520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon

v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less

stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under

this less stringent standard, however, the pro se petition is still subject to summary

dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court

can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court

may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d

411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely

presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

6

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over

7

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

8

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has

9

appropriately exhausted available state-court remedies or has otherwise bypassed seeking

relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and

provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf
> of a person in custody pursuant to the judgment of a
> State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies
>> available in the courts of the State; or
>>
>> (B)    (i) there is an absence of available State
>> corrective process; or
>>
>> (ii) circumstances exist that render such
>> process ineffective to protect the rights of
>> the applicant.
>
> (2) An application for a writ of habeas corpus may be
> denied on the merits, notwithstanding the failure of the
> applicant to exhaust the remedies available in the
> courts of the State.
>
> (3) A State shall not be deemed to have waived the
> exhaustion requirement or be estopped from reliance
> upon the requirement unless the State, through
> counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the
> meaning of this section, if he has the right under the law of the
> State to raise, by any available procedure, the question
> presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the

petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson*

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

11

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts,

the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d

13

at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

14

## DISCUSSION

**Respondent's Motion for Summary Judgment**

### *Procedural Default*

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is a petitioner's burden to raise cause and prejudice or actual innocence. *Murray*, 477 U.S. at 485, 497. If not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens*, 66 F.3d at 1363.

Respondent acknowledges that Petitioner has exhausted his available state court remedies. [Doc. 14 at 13.] Respondent argues, however, that the claims are procedurally barred because Petitioner did not properly raise the claims included in this Petition in state court. [Doc. 14 at 14.] In this Petition, Petitioner claims (1) ineffective assistance of counsel for counsel's failure to investigate an entrapment defense and (2) involuntary guilty plea based on the same. [Doc. 2-1 at 6.] Petitioner concedes he did not raise these claims to the South Carolina Supreme Court.[4] [Doc. 25 ¶ 4; Doc. 28 at 2.] As such, Petitioner's claims are procedurally barred from federal habeas review absent a showing of cause and actual prejudice.[5] *Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise

---

[4]As previously noted, the only claim raised in the petition for writ of certiorari was whether counsel was ineffective for failing to review videotapes. [Doc. 14-7 at 3.]

[5]Petitioner could also overcome the procedural bar by showing a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"). Petitioner did not raise actual innocence or a fundamental miscarriage of justice; therefore, the Court need not address this method to overcoming the procedural bar.

15

now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### *Cause and Prejudice*

Petitioner has not shown sufficient cause and prejudice to overcome the procedural default. Petitioner failed to file a response in opposition to Respondent's motion for summary judgment; however, Petitioner filed a motion to stay [Doc. 25], and, in an abundance of caution, the Court construes the motion to stay as both a motion to stay and as Petitioner's response in opposition to Respondent's motion for summary judgment. In the motion to stay, Petitioner argues his counsel in the PCR appeal failed to raise the issue of ineffective assistance of counsel for failure to investigate an entrapment defense.

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. To the extent Petitioner asserts ineffective assistance of PCR appellate counsel as cause, any alleged error by PCR appellate counsel is insufficient to serve as cause to excuse the default because Petitioner does not have a constitutional right to PCR counsel. *See Coleman*, 501 U.S. at 752–55 ("There is no constitutional right to an attorney in state post-conviction proceedings." (citations omitted)); *Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997) ("[I]n order to constitute cause, attorney error must amount to constitutionally ineffective assistance of counsel and . . . this standard c[an] not be satisfied in the absence of a constitutional right to counsel.") (citing *Coleman*, 501 U.S. at 752). Accordingly, because Petitioner cannot establish cause and actual prejudice to overcome his default, his claims

16

are procedurally barred from consideration by this Court, and the Court recommends that

Respondent's motion for summary judgment be granted.

**Motion to Stay Habeas Proceedings**

In his motion to stay, Petitioner contends:

> 1. The record from petitioner's PCR Proceedings below shows that he raised and argued his ground of "ineffective assistance of trial counsel's failure to advise him of the defense of entrapment" before advising him to plead guilty,
>
> 2. The record below of the PCR Proceedings shows that the PCR judge set[]forth a specific finding of fact and conclusion of law regarding petitioner's "ineffective assistance fo counsel" ground raised in his PCR application,
>
> 3. The record below of the PCR Proceedings shows that his PCR Counsel filed a motion for the PCR judge to Alter/Amend his judgment denying peti[ti]oner's "ineffective assistance of counsel" ground pursuant to Rule 59(e), SCRCP,
>
> 4. The record on appeal from the judge's denial of petitioner's PCR application shows that his appellate counsel did not raise and argue his "ineffective assistance of counsel claim" to the South Carolina Supreme Court for exhaustion of this ground for federal habeas corpus review,
>
> 5. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the petitioner will have to forfeit review of his "ineffective assistance of counsel" claim without a review within the one-year statute of limitation without this court granting a stay of his current habeas corpus proceedings to permit his exhaustion of his state court remedy for a review of the merits of his Sixth Amendment "ineffective assistance" of counsel claim.

[Doc. 25 at 1.]  In response to Petitioner's motion to stay, Respondent argues Petitioner

is not entitled to a stay because he is not entitled to seek any further state court review.

[Doc. 26.]  The Court agrees.

Petitioner relies on *Rhines v. Weber*, 544 U.S. 269 (2005), for the proposition that the Court should stay this action because he has submitted good cause for the failure to exhaust his claim in state court. [Doc. 28 at 1.]  However, Petitioner's reliance on *Rhines* is misplaced.  In *Rhines*, the Supreme Court addressed how "mixed" petitions, containing both exhausted and non-exhausted claims, should be handled by district courts.  Petitioner is correct that, pursuant to *Rhines*, a stay should be granted in a mixed federal habeas petition only when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."[6]  *Rhines*, 544 U.S. at 277.  However, this Petition is not on point with *Rhines*; it is not a mixed petition of exhausted and unexhausted claims.  As discussed above, all of Petitioner's claims are exhausted because the claims, which were not presented in his appeal from the denial of his PCR application, are "technically" exhausted in that they cannot now be presented in state court.[7]  Accordingly, the rules of procedural bar apply to prohibit further review.  *See Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1;

---

[6] As discussed above, Petitioner cannot establish good cause for his failure to raise the claims in this Petition to the South Carolina Supreme Court.

[7] Petitioner's claims cannot be raised in a successive PCR application because such an application would be dismissed as successive and untimely.  S.C. Code Ann. § 17-27-90 (stating that all grounds for relief must be raised in an initial or amended PCR application, and claims ruled upon, not raised, or waived cannot be raised in a subsequent PCR application unless the court finds sufficient reason for not raising the claims in the first application); *Wade v. State*, 559 S.E.2d 843, 847 (S.C. 2002) ("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal."); *see Tilley v. State*, 511 S.E.2d 689, 691 (1999) ("Successive applications are disfavored and the applicant has the burden to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application."); S.C. Code Ann. § 17-27-45(A) (stating that a PCR application must be filed within one year of the entry of judgment of conviction or within one year of the sending of remittitur to the lower court from appeal or the filing of a final decision upon appeal, whichever is later).  Petitioner also cannot seek any further review of the original PCR court's order because he had a complete appeal on the merits, and "[s]uccessive PCR applications and appeals are generally disfavored because they allow an applicant to receive more than 'one bite at the apple as it were.'" *Odom v. State*, 523 S.E.2d 753, 755 (S.C. 1999) (quoting *Matthews*, 105 F.3d at 916).

18

*Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996);

*Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

To the extent Petitioner argues his claims are not exhausted because he can file a

belated appeal in state court pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991)[8] [*see*

Doc. 28], Petitioner's reliance on *Austin* is also misplaced.  In *Aice v. State*, the Supreme

Court of South Carolina limited the holding of *Austin* to its particular factual situation, where

the petitioner was prevented from seeking appellate review of a denial of his PCR

application by the action or inaction of his attorney.  409 S.E.2d 392, 395 (S.C. 1991).  In

*Aice*, the petitioner sought to file a second PCR application raising additional issues not

raised in the first PCR under the rubric of ineffective assistance of the first PCR counsel.

*Id.* at 393.  The court noted that S.C. Code § 17-27-90 provides:

> All grounds for relief available to an applicant under this
> chapter must be raised in his original, supplemental or
> amended application. Any ground finally adjudicated or not so
> raised, or knowingly, voluntarily and intelligently waived in the
> proceeding that resulted in the conviction or sentence or in any
> other proceeding the applicant has taken to secure relief, may
> not be the basis for subsequent application, unless the court
> finds a ground for relief asserted which for sufficient reason
> was not asserted or was inadequately raised in the original,
> supplemental, or amended application.

However, the court stated that it had interpreted section 17-27-90 and the phrase

"sufficient reason" very narrowly.  *Aice*, 409 S.E.2d at 394.  The court then distinguished

the facts of the case before it from the facts of *Austin*, noting that "Austin never received

a full 'bite' at the apple, as he was prevented from seeking any review of the denial of his

---

[8]Under *Austin*, a petitioner can "appeal a denial of a PCR application after the statute of limitations
has expired if the [petitioner] either requested and was denied an opportunity to seek appellate review, or did
not knowingly and intelligently waive the right to appeal."  *Odom*, 523 S.E.2d at 755 (citations omitted).

19

PCR application," whereas Aice had "filed an original PCR application, and [had] been allowed to seek review of the ruling against him." *Id.* at 395. Accordingly, the court held Aice was not allowed a successive application. *Id.*

Here, Petitioner, like Aice, received a full bite at the apple. He timely filed a PCR application and sought review of the denial of his PCR application. Accordingly, Petitioner would not be entitled to seek further state review, and his motion to stay should be denied.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED, Petitioner's motion to stay be DENIED, and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 9, 2011
Greenville, South Carolina